**Joseph A. GEESY, Appellant–Respondent,**

v.

**April L. GEESY, Appellee–Petitioner.**

No. 68A05–1106–RS–330.

Court of Appeals of Indiana.

Nov. 10, 2011.

Ordered Published Dec. 12, 2011.

Dale W. Arnett, Winchester, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Frances Barrow, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

Appellant-respondent Joseph A. Geesy (Father) appeals the trial court's finding that he was in contempt for failing to pay child support. More particularly, Geesy

argues that the contempt order must be set aside because the evidence was insufficient to show that his failure to pay support was willful. Concluding that the evidence was not sufficient to support the contempt finding, we reverse the judgment of the trial court.

### FACTS

In July 2005, Father and the State agreed to register Father's Ohio child support order in Randolph County. That decree directed Geesy to pay $65 per week in support, plus $10 per week toward an arrearage that amounted to $1,345.42 as of March 31, 2005.

In November 2009, an agreed finding of contempt was filed. It was signed by the prosecutor,[1] Father, and his attorney. The order indicated that Father was $1945.46 in arrears. Father was sentenced to sixty days in jail, with all time suspended, provided that he pay $65 current support plus an arrearage of $15 on a weekly basis. The trial court approved the agreed finding that same day.

In February 2010, the trial court held another review hearing, at which time it was determined that Father's failure to pay child support was not willful. The evidence established that his support arrearage amounted to $2,790.46, as of February 9, 2010. Nine people lived with Geesy, including six children, his wife, and his mother. Father testified that he had not paid support because he had no money and had worked only one week since the past November. Father worked primarily in factories and restaurants and had searched for work in many places. Father showed that he had registered with some temporary services agencies, pursued on-

---

1. Mother participates in the Title IV–D Child Support Enforcement Program of the Federal Social Security Act, 42 U.S.C.A. §§ 652–66. Thus, she is required to assign her right to collect support payments to the State. The Title IV–D Program in Indiana is operated in each county by the office of the prosecuting attorney. Ind. Code § 31–25–4–11 et seq.

line leads, and submitted applications at various establishments.

At another hearing that commenced in June 2011, the evidence established that Father made steady payments from March through June 2010 and only a few sporadic payments since then. The payments stopped in February 2011. Although Father did not submit any written evidence in support of his contention that he was actively seeking employment, he testified that he had been working approximately four hours per week as a bouncer or bartender and was earning $5.00 per hour. Father testified that he had been actively seeking employment and was conducting the same type of employment searches that he had previously pursued. Father acknowledged that his wife was no longer working, and he believed that there would be a tax "intercept" that would be applied to the arrearage. Tr. p. 11. Father agreed that the arrearage amounted to $2190.

At the conclusion of the hearing, the trial court determined that Father's testimony indicating that he was doing the same things to find work "doesn't necessarily make that true and there is no other actual proof of attempts to look for work. The only thing we have that is conclusive is no payments for four months that is zero dollars except for these tax intercepts." Tr. p. 17. As a result, the trial court found Father in contempt and sentenced him to fifteen days in jail. The trial court allowed Father to report to the jail the day after the hearing because he had two job interviews.

Father was released from jail on June 15, 2011, after informing the trial court that he had obtained employment. Father submitted a letter, dated June 14, 2011, from Dish Solutions Unlimited, stating that the company had hired Father as a sales representative. The letter provided in part that: "[Father] will be selling Dish Network and DirecTV satellite TV systems, as well as Hughes Net and WildBlue Internet Systems. He will also be selling six brands of televisions, along with stereo components. We would love for [Father] to begin work as soon as possible." Appellant's App. p. 25. Father now appeals the finding of contempt.

## DISCUSSION AND DECISION

In addressing Father's challenge to the contempt finding, whether a person is in contempt of a court order is a matter left to the trial court's discretion. *Mitchell v. Mitchell*, 785 N.E.2d 1194, 1198 (Ind.Ct. App.2003). We will reverse a finding of contempt only where an abuse of discretion has been shown, which occurs only when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Id.*

Contempt is not an available remedy in every case where there is a child support delinquency. To be held in contempt, it must be found that the support delinquency resulted from a willful failure to comply with a support order and that the delinquent parent has the ability to pay. *Pettit v. Pettit*, 626 N.E.2d 444, 446 (Ind.1993).

In *Pettit*, the evidence showed that Father fell into arrears in his child support payments after losing his employment. Although the trial court determined that Father was in contempt for nonpayment, our Supreme Court reversed that finding in light of Father's uncontroverted testimony that he was unemployed and could not find work. Father had also applied for a loan to pay his support arrearage. *Id.* at 448.

Like the circumstances in *Pettit*, the State presented no evidence in this case to establish that Father's failure to

pay child support was willful or that he was even able to pay. In fact, Father's uncontroverted evidence established that he was unemployed, his wife was not working, his mother and six children lived in his home, and he was actively seeking employment. In light of this evidence, the trial court's finding of contempt must be set aside.

The judgment of the trial court is reversed.

KIRSCH, J., and BROWN, J., concur.